IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | OPINION AND ORDER |
| Plaintiff, | |
| | 09-cr-94-bbc |
| v. | |
| RAYMOND M. DAVIS, SR., | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Raymond M. Davis, Sr. was charged in a one-count indictment as a felon in unlawful possession of a .38 caliber revolver and .38 caliber ammunition, in violation of 18 U.S.C. § 922(g)(1). He has moved to dismiss the indictment against him, contending that the charge against him violates his constitutional right to possess a handgun in his residence for self-defense, as recognized by the Supreme Court in District of Columbia v. Heller, 128 S. Ct. 2783 (2008).

Defendant did not object to the charge until after he had entered a plea of guilty to the indictment and was awaiting sentencing. In some circumstances, the failure to object to an indictment before pleading guilty bars a defendant from objecting later, such as when the challenge is to a defect in the institution of the prosecution, to any defect in the

1

indictment itself, to an allegedly illegal seizure of evidence or to misjoinder. Fed. R. Crim. P. 12(b). However, a defendant who contends that the indictment fails to state an offense or that it does not invoke the court's jurisdiction may raise a corresponding objection at any time while the case is pending. Id. Thus, although defendant's objection is late, he is not barred from arguing that the indictment does not state a constitutionally valid offense against him.

A number of circuits have considered challenges such as defendant's since the Supreme Court decided in Heller that the Second Amendment protects the right of "law-abiding responsible citizens to use arms in defense of hearth and home." Heller, 128 S. Ct. at 2821. Most have dismissed the challenges on the ground that the Supreme Court meant it when it said in Heller, 128 S. Ct. at 2816-17, that nothing in the opinion "should be taken to cast doubts on certain laws, including those prohibiting the possession of firearms by felons." E.g., United States v. Rozier, 2010 WL 724338 (11th Cir. Mar. 4, 2010); United States v. Vongxay, 594 F.3d 1111 (9th Cir. 2010); United States v. Anderson, 559 F.3d 348, 352 (5th Cir. 2009); United States v. McCane, 573 F.3d 1037, 1047 (10th Cir. 2009). I am not persuaded that a different result is required in this case.

It is true that a panel of the Seventh Circuit suggested that a close analysis of the justification for a firearms restriction might be appropriate when the rights of nonfelons are at stake. In United States v. Skoien, 597 F.3d 803 (7th Cir. 2010), the court held that

2

when the issue was the constitutionality of a lifetime ban on possession of firearms by persons convicted of misdemeanor domestic violence offenses, it was the government's responsibility to show the justification for any restriction on the Second Amendment right of self-defense. The Fourth Circuit found the reasoning in Skoien useful as it related to cases that fell outside the specific exceptions noted in Heller. United States v. Chester, 2010 WL 675261, *4 (4th Cir. Feb. 23, 2010) (unpublished).

Now that the court of appeals has withdrawn its opinion in Skoien and set it for hearing en banc, it has no precedential effect on the district courts within the circuit. Even if it did, I would not be inclined to find that this case is one in which the government should be required to justify the restrictions imposed on defendant, despite the substantial burden that the restriction places on him. He has a prior felony conviction for a crime (distribution of heroin) that Congress has determined is a qualifying crime for a finding of armed career criminal. § 924(e)(1) & (2)(A). As a convicted felon, he falls outside the category of persons identified in Heller as entitled to the protection of the Second Amendment: the law-abiding and the responsible. Moreover, his situation is not one in which the crime is an old one and he has subsequently lived a law-abiding life. He was convicted in 1993, absconded before he could be imprisoned and did not begin serving his sentence until 1996. He was not released from custody until 2003 and did not complete his period of supervised release until January 2005. By his own admission, he has been unable to stop his use of controlled

3

substances despite his participation in a number of treatment programs.

Finally, defendant will have an opportunity to raise the issue on appeal. If it is error to deny his motion to dismiss, the court of appeals will correct the error.

ORDER

IT IS ORDERED that defendant Raymond M. Davis's motion to dismiss the indictment against him is DENIED. Counsel for the government and for defendant are to consult with the clerk's office on a prompt date for sentencing.

Entered this 20th day of April, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge